IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NOLA JEAN,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES R. WOFFORD, TRANSPORT CORPORATION OF AMERICA, INC. AND GREAT WEST CASUALTY COMPANY,<br><br>Defendants. | CIVIL ACTION FILE NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, NOLA JEAN and states her Complaint against Defendants JAMES R. WOFFORD, TRANSPORT CORPORATION OF AMERICA, LLC, AND GREAT WEST CASUALTY COMPANY.

## PARTIES AND JURISDICTION

1.

Plaintiff NOLA JEAN, (hereinafter "Plaintiff") is a resident of the State of Georgia.

2.

Defendant JAMES R. WOFFORD (hereinafter "WOFFORD") is the driver of the tractor trailer involved in the subject collision and is a resident of the State of South Carolina and is subject to the jurisdiction of this Court pursuant to the Georgia Long Arm Statute, O.C.G.A. § 9-10-91, and may be served by issuing Summons and a second original of this Complaint to him at his address of 404 Canewood Place, # 322, Mauldin South Carolina, 29662-3230.

EXHIBIT "1"

3.

Defendant TRANSPORT CORPORATION OF AMERICA, INC. (hereinafter "TRANSPORT") is a for-profit, domestic limited liability company authorized to do business in the State of Georgia with its principal place of business located at 3658 Dogwood Farm Road, DeKalb County Decatur, Georgia 30034. Defendant TRANSPORT is subject to the jurisdiction of this Court and may be served by issuing Summons and Complaint to its Registered Agent, National Registered Agents, Inc., 1201 Peachtree Street, NE, Atlanta, Georgia 30361.

4.

Defendant GREAT WEST CASUALTY COMPANY, (hereinafter "GREAT WEST") is a for profit, foreign corporation authorized to do business in the State of Georgia, with its principal place of business located at 1100 West 29th Street, South Sioux City, Nebraska 68776-0277. Defendant GREAT WEST is subject to the jurisdiction of this Court and may be served by issuing Summons and a second original of this Complaint to their Registered Agent, 100 Galleria Parkway, Suite 1600, Atlanta, Georgia 30339.

5.

Defendants JAMES R. WOFFORD, TRANSPORT AND GREAT WEST, are joint tortfeasors and as such, venue as to all Defendants is proper in Fulton County, Georgia.

## COUNT I – NEGLIGENCE OF DEFENDANT JAMES R. WOFFORD

6.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 5 above as if they were fully restated verbatim.

7.

On or about February 8 2013, Plaintiff NOLA JEAN, was operating a 2003 Honda Civic, traveling northbound on interstate I-285 and was stopped in traffic.

8.

On or about the same time and place, Defendant WOFFORD was driving a 2011 Freightliner Cascadia 125, owned by Defendant TRANSPORT, was traveling northbound on Interstate I-285 in the same lane of traffic directly behind the Plaintiff, when he negligently, recklessly, carelessly and unlawfully operated said truck so as to collide into the rear of Plaintiff's vehicle causing extreme damage to the vehicle operated by Plaintiff causing her to rear end the vehicle in front of her.

9.

As a result of the accident, Plaintiff suffered multiple injuries.

10.

At all relevant times, Defendant WOFFORD owed certain civil duties to Plaintiff. Notwithstanding those duties, Defendant WOFFORD did violate them in the following particulars:

a. In failing to make reasonable and proper observations while driving the 2011 Freightliner Cascadia 125; or, if reasonable and proper observations were made, failing to act thereon;

b. In *following too closely* in violation of O.C.G.A. § 40-6-49;

c. In failing to make timely and proper application of his brakes in violation of O.C.G.A. § 40-6-241;

d. In failing to observe or undertake the necessary precautions to keep the 2011

Freightliner Cascadia 125 from colliding with the Plaintiff's 2003 Honda Civic in violation of O.C.G.A. § 40-6-390;

e. In driving the 2011 Freightliner Cascadia 125 without due caution and circumspection and in a manner so as to endanger the person and/or property of others in the immediate vicinity in violation of O.C.G.A. § 40-6-241;

f. In driving the 2011 Freightliner Cascadia 125 truck in reckless disregard for the safety of persons and/or property in violation of O.C.G.A. § 40-6-390; and

g. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

11.

Defendant WOFFORD's violations of the aforementioned duties of care constitute negligence *per se*.

12.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant WOFFORD, Plaintiff has suffered significant injuries, medical expenses, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of **$21,108.04** in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANT TRANSPORT CORPORATION OF AMERICA, INC.

13.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 12 above as if they were fully restated verbatim.

14.

At all relevant times, Defendant WOFFORD was an employee and agent of Defendant TRANSPORT and Defendant WOFFORD was driving a 2011 Freightliner Cascadia 125 within the course and scope of his employment with Defendant TRANSPORT.

15.

Defendant TRANSPORT is liable for the acts and omissions of Defendant WOFFORD as Defendant TRANSPORT agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

16.

Defendant TRANSPORT negligently hired, retained, and supervised Defendant WOFFORD.

17.

Defendant TRANSPORT negligently entrusted the 2011 Freightliner Cascadia 125 to Defendant WOFFORD when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

18.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant TRANSPORT, Plaintiff has suffered significant injuries, medical expenses, and

damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff has incurred in excess of **$21,108.24** in past medical expenses.

## CONTRACT

19.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 18 above as if they were fully restated verbatim.

20.

At the time of the collision-in-suit, on February 8, 2013 Defendant GREAT WEST had issued a policy of liability insurance to TRANSPORT Policy Number GWP50855G, naming TRANSPORT CORPORATION OF AMERICA, INC. as an insured.

21.

GREAT WEST, Policy Number GWP50855G, was in effect on February 8, 2013, and provides coverage up to $1,000,000.00 for the negligent acts and omissions of WOFFORD and TRANSPORT as a result of the collision-in-suit.

22.

Defendant GREAT WEST is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c) and under the old statute in place at the time of this incident O.C.G.A. § 46-7-12(c) (2011).

23.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant GREAT WEST is liable to Plaintiff, and responsible for payment of damages incurred by and occasioned upon the Plaintiff as a result of the negligent acts and omissions of WOFFORD and TRANSPORT.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff NOLA JEAN respectfully prays and demands as follows:

a. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

b. That service be had upon Defendants as provided by law;

c. That Plaintiff have and recover general damages from Defendants, as the jury deems is liable to Plaintiff, and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff for all of their injuries and pain and suffering, mental, physical, and emotional, past, present, and future;

d. That Plaintiff have and recover from Defendants, special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e. That this matter be tried to a jury;

f. That all costs be cast against the Defendants; and

g. For such other and further relief as this Court deems just and appropriate.

This 27th day of June, 2014.

                                                Respectfully submitted,

                                                */s/ Seth M. Diamond*
                                                SETH M. DIAMOND
                                                Georgia Bar No. 220393
                                                Attorney for Plaintiff

MORGAN & MORGAN, P.A.
191 Peachtree Street, N.E.
Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-8811
Fax: (404) 965-8812